# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    **Plaintiff**,<br><br>                    **v.**<br><br>JULIO M. HERRERA-VELUTINI,<br>    **Defendant.** | CRIMINAL NO. 25-297 (SCC) |

### DEFENDANT'S MOTION TO EXTEND DEADLINE TO FILE WRITTEN OBJECTIONS TO THE PRESENTENCE REPORT AND TO CONTINUE SENTENCING HEARING

**TO THE HONORABLE COURT:**

COMES NOW, Defendant Julio M. Herrera-Velutini ("Mr. Herrera"), through undersigned counsel, respectfully moves the Court to: (1) extend the deadline to file written objections to the Presentence Investigation Report ("PSR") and filing any sentencing memorandum; and (2) continue the sentencing hearing presently set in this matter. The requested relief is necessary because, despite diligent efforts, defendant's counsel and the probation officer have been unable to meet and confer to complete the consultation process required by Local Criminal Rule 132(b)(3)(A) before filing written objections.

### I.      Procedural Background

On December 3, 2025, the Court granted a joint motion to continue Mr. Herrera's sentencing and reset the hearing for January 29, 2026. Dkt. No. 29. The Presentence Investigation Report was disclosed on December 22, 2025. Dkt. No. 31.

Following disclosure of the PSR on December 22, 2025, and after analyzing its contents, defense counsel proceeded in a timely manner in accordance with Local Criminal Rule

132(b)(3)(A) to consult with the probation officer. On January 5, 2026, defense counsel sent the U.S. Probation a letter identifying Mr. Herrera's preliminary objections and requesting availability to meet. However, counsel for Mr. Herrera received an automated out-of-office response from the probation officer indicating she would not return to the office until January 12. No further communications were received from U.S. Probation that week.

On January 13, 2026, having yet to receive any response to the January 5 request, counsel followed up again to schedule the required discussion. Counsel again received no response.

On January 14, counsel again emailed the probation officer to schedule the required discussion. Counsel again received no response.

This morning, January 15, counsel received the first response from the probation officer, noting Mr. Herrera's preliminary objections have been received and that a response would be provided "later today." No response was provided as to scheduling the requisite meet and confer.

Therefore, despite the timely and diligent efforts of counsel, the consultation has not yet occurred, and the Local Rule 132 process remains incomplete. Moreover, even assuming the probation officer provides a follow-up response to Mr. Herrera's preliminary objections later today, there will not be sufficient time to review and then schedule a meet and confer in time to meet the current scheduling deadlines. The draft PSR raises significant factual, legal, and constitutional issues that must and should be fully developed prior to finalization and presentation to this Court. The framing and resolution of those issues is an integral part of affording Mr. Herrera adequate due process during the sentencing phase.

## II. Argument

### A. Good cause exists to extend the deadline for written PSR objections because the Local Rule 132 informal consultation cannot be completed despite diligence.

Local Criminal Rule 132(b)(3)(A) requires the parties to seek informal resolution of disputed PSR matters with the probation officer before submitting written objections to the Court. Proceeding to written objections prior to completing that consultation would contravene the rule and undermine the efficiency it is designed to promote. Defense counsel has acted diligently and has attempted to coordinate a meeting by sending a letter to the probation officer on January 5 and following up on January 13 and 14 to discuss a potential resolution, but the meeting has not yet occurred. Indeed, as noted, the first response to counsel's multiple inquiries was provided this morning. A brief extension will therefore allow the parties to complete the consultation contemplated by the rule and may narrow or resolve disputes without Court intervention, thereby conserving judicial resources.

### B. A brief continuance of the sentencing date is warranted to allow completion of the informal process and incorporation of any resolutions into the PSR and any addendum.

Because the sentencing hearing is currently set for January 29, 2026, there is insufficient time to now receive a preliminary response from the probation officer, complete the consultation, permit the probation officer to consider and incorporate any agreed changes or modifications, and allow the parties to tailor their sentencing submissions accordingly. A two-week continuance will permit completion of the informal consultation and any resulting addendum. A short continuance will also ensure that Mr. Herrera is provided adequate due process during this phase and that the PSR and any sentencing memorandum accurately reflect the outcome of the parties' consultation and provide the Court with a complete record. Mr. Herrera's counsel is available next Tuesday

(January 20) to conduct the required meet-and-confer and keep this process moving forward without further delay.

**Wherefore,** Mr. Herrera respectfully requests that the Court enter an order: (1) extending the deadline for filing written objections to the PSR until seven days after the parties and the probation officer complete the Local Criminal Rule 132(b)(3)(A) consultation, with the probation officer to issue any amended PSR or addendum thereafter within a reasonable period set by the Court; and (2) continuing the sentencing hearing presently set for January 29, 2026, for at least two weeks, to permit completion of the informal consultation, any resulting revisions or addendum to the PSR, and the filing of the appropriate sentencing memorandum.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 15th day of January 2026.

**DLA Piper (Puerto Rico) LLC**

/s/ Sonia I. Torres-Pabon
Sonia I. Torres-Pabon (USDC-PR No. 209310)
sonia.torres@us.dlapiper.com
500 Calle de la Tanca, Ste. 401
San Juan, PR 00901-1969
Tel: 787-281-8100

**The LS Law Firm**

*/s/ Lilly Ann Sanchez*
Lilly Ann Sanchez, Esq. (Fla. Bar No. 195677)
Email: lsanchez@thelsfirm.com

One Biscayne Tower, Suite 2530
2 South Biscayne Blvd.
Miami, Florida 33131
Telephone:  (305) 503-5503
Facsimile:  (305) 503-6801

**CERTIFICATE OF SERVICE**

It is hereby certified that on this date, the present motion is filed with the Clerk of the Court through the CM/ECF electronic system, which will notify and provide copies to all parties of record.

*/s/ Sonia I. Torres-Pabón*